UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINANNE MARIE TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:21-cv-02246-JDP<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S COUNSEL ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>ECF No. 15 |

Plaintiff prevailed in this action after the parties stipulated to voluntary remand and entry of judgment under 42 U.S.C. § 405(g). ECF Nos. 11 & 12. The Social Security Administration ("SSA") subsequently determined that plaintiff was disabled and granted her $79,286.00 in past-due benefits. ECF No. 15-2; ECF No. 15-3 at 2. Plaintiff's counsel filed a motion seeking $9,000.00 in attorney fees under 42 U.S.C. § 406(b), with a credit to plaintiff for the fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,200.00. ECF No. 15; *see also* ECF No. 14. For the reasons discussed below, I find that counsel's fee request is reasonable, and grant the motion.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Plaintiff entered into a contingency-fee agreement with counsel that stated in relevant part:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.**

ECF No. 15-1 at ¶ 4 (emphasis in original).  The docket shows that after plaintiff's counsel filed a complaint challenging the Commissioner's disability denial, the parties' stipulated to voluntary remand and entry of judgment. *See* ECF Nos. 1, 10-12.  During remand proceedings, the SSA found that plaintiff is disabled, and granted her $79,286.00 in retroactive benefits.[1]  *See* ECF No. 15-2; ECF No. 15-3.

---

[1] The SSA's Notice of Award states that plaintiff is entitled to past-due monthly benefits in amounts ranging from $1,548.20 to $1,862.90 during the time period January 2020 through December 2023. ECF No. 15-3 at 1.  The Notice also states that the SSA withheld $19,821.50, which was twenty-five percent of past-due benefits, to pay her representative. *Id.* at 2.  Based on these figures, the court accepts $79,286.00 as a reasonable determination of the total amount of

Counsel's billing records reflect that 4.3 hours of attorney time and 2.2 hours of paralegal time were spent litigating the case. ECF No. 15-4. An award of $9,000.00 for 6.5 combined hours of attorney and paralegal work translates to an effective hourly rate of approximately $1,384.62. Other district courts have approved similar or even higher de facto hourly rates under 42 U.S.C. § 406(b). *See, e.g.*, *Bridget M. v. Kijakazi*, 2022 WL 18142544, at *4 (C.D. Cal. Oct. 13, 2022) ("The Court finds an award of $24,750.00 for 16.5 hours of combined attorney and paralegal time–yielding a combined effective hourly rate of $1,500–is appropriate."); *Ramon R. v. Saul*, 2021 WL 4805438, at *5 (C.D. Cal. June 3, 2021) (finding reasonable effective hourly rate of $1,400 for combined attorney and paralegal work); *Langston v. Saul*, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (approving effective hourly rate of $1,453.42 for combined attorney and paralegal work).

There is no indication that a reduction in fees is warranted because of dilatory conduct or substandard assistance on counsel's part. Additionally, the requested award of $9,000.00 only amounts to 11.4 percent of plaintiff's retroactive benefits—well below the cap of twenty-five percent that the parties stipulated to in the contingency-fee agreement. Given the result obtained in this case, and the risk of loss that counsel assumed in representing plaintiff, the court finds the requested award reasonable.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees, ECF No. 15, is granted.
2. Plaintiff's counsel is awarded $9,000.00 in fees pursuant to 42 U.S.C. § 406(b).
3. Plaintiff's counsel is directed to reimburse plaintiff the sum of $1,200.00 for previously paid EAJA fees pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   April 25, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

retroactive benefits.

3